IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs October 7, 2008

## STATE OF TENNESSEE v. ERIC CRUTHIRD

**Appeal from the Criminal Court for Shelby County**
**Nos. 07-06660, I07-00044, 07-02401     W. Mark Ward, Judge**

_____

**No. W2007-02667-CCA-R3-CD - Filed December 4, 2008**

_____

Upon his pleas of guilty, the Defendant, Eric Cruthird,  was convicted of three counts of possession of .5 grams or more of cocaine with the intent to sell, each conviction being a Class B felony. Pursuant to his plea agreement, the Defendant received an eight-year sentence for each conviction, with one of said sentences to be served consecutively to the other two, for an effective sentence of sixteen years.  In accordance with the plea agreement, the manner of service of the sentence was left to the discretion of the trial court.  Following a sentencing hearing, the trial court denied any form of alternative sentencing and ordered that the sentences be served in the Department of Correction. On appeal, the Defendant argues that the trial court erred by denying him probation.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

DAVID H. WELLES, J., delivered the opinion of the court, in which THOMAS T. WOODALL and J.C. MCLIN, JJ., joined.

Brett B. Stein (on appeal); and Steve Hallman (at trial), Memphis, Tennessee, for the appellant, Eric Cruthird.

Robert E. Cooper, Jr., Attorney General and Reporter; Deshea Dulany, Assistant Attorney General; William L. Gibbons, District Attorney General; and Paul Hagerman, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual Background**

The Defendant pleaded guilty to and was convicted of three counts of possession of .5 grams or more of cocaine, each conviction being a Class B felony.  See Tenn. Code Ann. § 39-17-417(c)(1).  As part of the plea agreement, additional drug charges were dismissed.  At the guilty plea submission hearing, the assistant district attorney summarized the facts underlying each conviction as follows:

Had these matters gone to trial the state's proof would have been—and there's three separate incidents. On January the 26th of 2007 officers observed [the Defendant] driving in Memphis, Shelby County, Tennessee for speeding. They stopped [the Defendant's] vehicle, which also had expired tags. A search of the vehicle pursuant to arrest revealed what later tested positive for an amount of cocaine in excess of 40 grams.

Officers also found other controlled substances including Tylenol with codeine and ecstasy inside the vehicle.

On February the 23th of 2007 while he was out on bond for that previous case officers again observed [the Defendant] driving without headlights on. The officers when they approached smelled marijuana and later seized marijuana in the ashtray. A search subsequent to arrest revealed what later tested positive for some 28 grams of cocaine.

And finally, the most recent indictment, but the offense date goes back to January of this year, officers operating an undercover capacity in Memphis and Shelby County, Tennessee at 987 South Third Street as part of a large scale undercover operation, met with [the Defendant] to purchase, what later tested positive for one ounce of crack cocaine from him for an amount of $750.00 in cash.

That meeting was audio, video taped and [the Defendant] was identified as the party responsible.

Following the acceptance of the Defendant's guilty pleas, the trial court conducted a sentencing hearing, during which the Defendant requested that he be allowed to serve his sentences on probation. At the conclusion of the sentencing hearing, the trial court denied any form of alternative sentencing and ordered that the Defendant's sentences be served in the Department of Correction. It is from the order of the trial court denying any form of alternative sentencing that the Defendant appeals.

**Standard of Review**

On appeal, the party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. See Tenn. Code Ann. § 40-35-401, Sentencing Comm'n Comments. When a defendant challenges the length, range, or manner of service of a sentence, it is the duty of this court to conduct a de novo review on the record with a presumption that the determinations made by the court from which the appeal is taken are correct. Tenn. Code Ann. § 40-35-401(d) (2006). The presumption of correctness is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Pettus, 986 S.W.2d 540, 543-44 (Tenn. 1999). However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then review of the challenged sentence is purely de novo without the presumption of correctness. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1999). When conducting a de novo review of a sentence, we must consider: (1) any evidence received at the trial and/or sentencing hearing; (2) the presentence report; (3) the principles of sentencing and arguments as to sentencing alternatives; (4) the nature and characteristics of the offense; (5) any mitigating or enhancement factors; (6) certain statistical information provided by the administrative office of the courts; (7) any statements made by the defendant on his or her own behalf; and (8) the potential for rehabilitation

or treatment. Tenn. Code Ann. § 40-35-210 (2006); State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

**Analysis**

The record on appeal affirmatively shows that the trial court considered the sentencing principles and all relevant facts and circumstances. Therefore, we begin our review with the presumption that the determinations made by the trial court are correct. See Tenn. Code Ann. § 40-35-401(d). In this appeal, the Defendant argues that the trial court erred by denying him a probationary sentence. We first note that no defendant is entitled to a presumption that he or she is a favorable candidate for probation. State v. Carter, 254 S.W.3d 335, 347 (Tenn. 2008). Although certain offenders who have been convicted of a Class C, D or E felony should be considered as favorable candidates for alternative sentencing options, the Defendant in this case was convicted of Class B felonies. Therefore, this sentencing guideline does not benefit the Defendant in his quest for an alternative sentence.

The presentence report reflects that, at the time of sentencing, the Defendant was twenty-five years old and unmarried. He is a high school graduate. The Defendant has some employment history with a temporary staffing agency and has also worked with his father as a painter. His record of prior convictions consisted of a "weapons offense" and a conviction for possession of marijuana, both convictions being in the Shelby County General Sessions Court.

At the sentencing hearing, the Defendant admitted that, at the time he was arrested for the offenses described herein, he was supporting himself by dealing in drugs. The Defendant stated that he bought his cocaine from a "big-time" drug dealer, usually in transactions involving about seven hundred dollars. The Defendant sold this cocaine primarily in small amounts, usually for about twenty dollars for each transaction. He admitted that, while he was released on bond after his first arrest, he continued to buy and sell drugs which led to his second arrest.

In announcing his sentencing decision, the trial court noted that the Defendant did not have a long history of criminal convictions but noted that he did have a "significant history of present criminal conduct." The trial court also found that the Defendant was not entirely truthful or candid during his testimony regarding the extent of his involvement in selling cocaine. The trial court stated its concern that the Defendant continued to deal in drugs after he had been released on bond from his first arrest for possession of cocaine with intent to sell. The trial judge also considered another factor that he called the "multiplicity factor," which he described as "when multiple offenses are committed over a period of time then that ups the seriousness of the offense." The court noted that according to the Defendant's own testimony, he had sold drugs somewhere between ten and thirty times.

After reviewing and considering on the record the sentencing principles and relevant facts and circumstances pertaining to the Defendant and his crimes, the trial court summarized the reasons it was denying probation as follows:

I am not impressed with his employment history. According to the presentence report he's had this temporary job for five or six months and before that he worked for his father for some unknown period of time, which is difficult to be determined.

I am a little concerned that he says in the presentence report that he doesn't use any kind of illegal drugs, and yet, he gets on the stand and says that he does smoke marijuana.

And I guess the last thing, I wasn't—when pinned down about how much drug selling he was doing he seemed to be a little bit evasive, to be as charitable as possible. I was a little bit concerned about his candor there.

So he's got a sixteen year sentence for selling drugs. Three convictions, multiple times. Although he does not have much prior record, I just think under the circumstances that to place him on probation is not the appropriate disposition in this case.

I think for all of the factors that I just said I think I am going to deny any form of alternative sentence in this matter.

Because the record demonstrates that the trial court properly considered the sentencing principles and all relevant facts and circumstances, the sentencing decision of the trial court is presumed to be correct. See Tenn. Code Ann. § 40-35-401(d); Ashby, 823 S.W.2d at 169. After review, we conclude that the trial court did not err in denying the Defendant probation.

## Conclusion

Based upon the foregoing, the judgment of the Shelby County Criminal Court is affirmed.

_____
DAVID H. WELLES, JUDGE